# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11-cv-125-RJC

| | |
|---|---|
| JIMMIE VANCE GRUBBS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Doc. No. 1). The Court also has before it Petitioner's Motion to Expedite, (Doc. No. 6), and Motion for Bail, (Doc. No. 7). On March 15, 2011, this Court directed Petitioner's prior counsel to file affidavits concerning their Bar admissions, as Petitioner contends that such attorneys were not properly licensed when they provided him with representation in this matter. (Doc. No. 2: Order). Former counsel have fully complied with such Order. See (Doc. Nos. 3; 4: Affidavits of Counsel). The Court will consider the pending motions and then conduct an initial screening under the Rules Governing § 2255 Proceedings, Rule 4(b).

**I.      Petitioner's Motion to Expedite (Doc. No. 6)**

Petitioner's Motion to Expedite seeks expedited consideration of the Motion to Vacate under a theory that his counsel's assistance was ineffective "per se." The motion will be denied, as initial review reveals that Petitioner's counsel were in fact properly licensed in other jurisdictions at all times relevant to this action. Petitioner is advised that, just as with lawyers representing the government, lawyers employed by the Office of the Federal Defender ("FDO") are not required to have a North Carolina Bar license. Here, it appears

that each attorney who represented Petitioner was duly admitted to another state bar and was a member of the Western District's FDO. The Motion to Expedite will be denied.

## II.     Motion for Bail

Petitioner has also filed a Motion for Bail, (Doc. No. 7), on substantially the same basis as his Motion to Expedite. While Petitioner cites to 18 U.S.C. §§ 3143(b)(1)(B)(i) & (ii) in support of his motion, Section 3143(b)(2) is the applicable provision, as Petitioner was convicted of offenses involving minor victims. See 18 U.S.C. § 3142(f)(1)(E).[1] Bail is not allowed in any circumstance after the conviction for offenses involving minor victims. Id. Even if Section 3143(b)(1) applied, Petitioner has shown no basis for granting bail at this time as initial review of the Petition reveals that Petitioner's claim for ineffective assistance of counsel is not likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence that is less than the time Petitioner has already served. See 18 U.S.C. § 3143(b)(1)(B).

## III.    Initial Screening

The Court has conducted an initial screening of the Petition under Rule 4(b) and finds, as follows: (1) the petition has not been signed under penalty of perjury, Rule 2(b)(5), 28 U.S.C.A. foll. § 2255; and (2) Petitioner has not provided indicia that the Petition was filed within one year of certiorari being denied (or the time for doing so) by the United States Supreme Court, § 2255(f). The Court will discuss such elements of initial screening, seriatim.

---

[1] Petitioner's conviction was for multiple counts of transportation of a minor with intent to engage in criminal sexual activity, 18 U.S.C. § 2423(a) and for travel with intent to engage in illicit sexual conduct with a minor in violation of 18 U.S.C. § 2423(b). (Doc. No. 32: Judgment).

### A. Signed Under the Penalty of Perjury

Review of the Petition reveals that although Petitioner signed the Petition, he has not signed such under penalty of perjury, as required by Rule 2(b)(5). While the Court would otherwise be inclined to grant Petitioner an opportunity to amend his Petition under Rule 15(a), Federal Rules of Civil Procedure, to correct such oversight, the Court must first consider the threshold issue of whether this action is time-barred.

### B. Statute of Limitations for Filing

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for filing § 2255 motions. Based on the allegations of the Petition, the statute of limitations runs from "the date on which the judgment of conviction becomes final . . . ."[2] 28 U.S.C. § 2255(f)(1). A conviction is final for § 2255(f)(1) purposes "on the date when the petitioner could no longer seek direct review." United States v. Walker, 165 F.3d 22, 22 (4th Cir. 1998) (unpublished). Here, Petitioner filed an appeal, but did not seek certiorari from the United States Supreme Court. When "a petitioner files an appeal but not a petition for writ of certiorari, his judgment is not final until 90 days after the court of appeals renders its decision." Hosey v. United States, 518 F. Supp. 2d 732, 734 (D.S.C. 2007) (citing Walker, 165 F.3d at 22). The Court of Appeals for the Fourth Circuit rendered its decision on November 6, 2009. See United States v. Grubbs, 585 F.3d 793 (4th Cir. 2009). Ninety days from November 6, 2009, was February 4, 2010.[3]

---

[2] While it is conceivable that Petitioner discovered the fact that his attorneys were not licensed in North Carolina at a later date, such contention is not a viable basis for Section 2255 relief, as his counsel clearly were licensed attorneys allowed to practice in this district. Absent such contention, the remainder of his claims are patently based on facts that were known at the time judgment became final.

[3] In a persuasive opinion, Judge Osteen, adopting the recommendation of the magistrate judge, held that "according to the Supreme Court, the "entry" of the judgment described in § 2255 is the filing of the judgment and the mandate is a later event." McLaurin v.

Petitioner filed the Petition on March 11, 2011, a filing date that the Court will deem to be March 8, 2011, which is the date marked on the envelope as the date on which Petitioner delivered his Petition to prison authorities. (Doc. No. 1-1). Based on a filing date of March 8, 2011, the Petition is time-barred by the AEDPA's one-year statute of limitations.[4]

The Court has also considered whether there is any reason to equitably toll the running of the one-year statute of limitations. Because the AEDPA's "limitations provisions . . . do not speak in jurisdictional terms or refer in any way to the jurisdiction of district courts . . . . § 2255's limitation period is subject to equitable modifications such as tolling." United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). Equitable tolling is an "extraordinary remedy" and "sparingly granted." Id.

As Petitioner does not address the reasons for the late filing in his Petition,[5] he will be allowed an opportunity to show reasons he believes the filing date should be equitably tolled. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Petitioner is advised that this is not a time to argue the merits of his case, and he should specifically address the following issues:

(1) whether he has been pursuing his rights diligently; and

---

United States, 2007 WL 2159616, at *2 (M.D.N.C. July 26, 2007) (citing Clay v. United States, 537 U.S. 522, 525 (2003). Thus, the date of mandate has no bearing on the timeliness of this Petition. In any event, 90 days from mandate in this case was February 28, 2010, which would also make Petitioner's March 7, 2011, filing untimely.

[4] Petitioner dated the Petition March 7, 2011.

[5] Petitioner did not use the forms made available by the court for filing his Section 2255 Petition. Such forms contain a subdivision which allows a Petitioner to explain why the statute of limitations does no bar the motion.

-4-

(2) whether some extraordinary circumstance stood in his way and prevented timely filing.

See Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Expedite, (Doc. No. 6), is **DENIED**;

2. Petitioner's Motion for Bail, (Doc. No. 7), is **DENIED**; and

3. Petitioner is **ALLOWED** 14 days within which to file a pleading showing the reasons he believes his Petition is not untimely.

The Clerk of this Court is instructed to send a courtesy copy of this Order to the United States Attorney.

Signed: February 28, 2012

Robert J. Conrad, Jr.
Chief United States District Judge